**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

IN RE: THE MATTER OF
ALBERTO RODRIGUEZ                    4:22-mc-00014-JJV
Reg. No. 14533-424

<u>**ORDER OF CRIMINAL CONTEMPT**</u>

Before the Court for consideration is the conduct of Alberto Rodriguez.  Mr. Rodriguez appeared before the Court as the subject of a motion to compel in *Sierra v. Guevara; et al.*, 4:22-mc-00013-DPM-JJV.  Pursuant to the provisions of 28 U.S.C. § 636(e), the Court enters the following criminal contempt order.

**A.     BACKGROUND**

Thomas Sierra is pursuing a lawsuit in the United States District Court for the Northern District of Illinois against the City of Chicago and several former Chicago Police Department officers.  *See Sierra v. Guevara; et al.*, 4:22-mc-00013-DPM-JJV, Doc. No. 4 at 2-46.  The lawsuit alleges various claims under 42 U.S.C. § 1983 and state law arising from the twenty-two years Mr. Sierra spent incarcerated on a murder conviction that has since been vacated.  *Id*.  In connection with that lawsuit, the parties jointly attempted to depose Mr. Rodriguez, an eyewitness to the murder who testified in the underlying criminal proceedings.  *Id*., Doc. No. 2 at 1.  Given Mr. Rodriguez's repeated refusal to participate in a deposition and the fact that he is incarcerated at the Federal Correctional Institution – Forrest City Low here in the Eastern District of Arkansas, Mr. Sierra filed in this Court a motion to compel his deposition.  *Id*., Doc. No. 2.  *See* Fed. R. Civ. P. 37(a)(2) (a motion for an order compelling disclosure or discovery directed to a nonparty must be made in the court where the discovery is or will be taken).

I appointed counsel to represent Mr. Rodriguez in this action. *Id.*, Doc. No. 27. Following briefing by the parties, I convened a hearing to determine two issues: (1) whether Mr. Rodriguez should be compelled to sit for a deposition; and (2) if so, whether he would be permitted to assert his Fifth Amendment right against self-incrimination, given the parties' disagreement on this issue. Arrangements were made for the deposition, if ordered, to proceed at the courthouse immediately following the hearing, so as to minimize disruption for Mr. Rodriguez and so that any Fifth Amendment issues could be addressed as they arose. Pursuant to a Writ of Habeas Corpus Ad Testificandum, Mr. Rodriguez was transported in custody to the courthouse for the hearing on November 7, 2022. *Id.*, Doc. No. 30.

At the outset of the hearing, counsel for Mr. Sierra served Mr. Rodriguez with a subpoena. Mr. Rodriguez, through counsel, moved for a protective order. After hearing argument, I denied this motion, finding there was no good cause to issue an order protecting Mr. Rodriguez from any perceived oppression or undue burden under Federal Rule of Civil Procedure 26(c)(1). I then ordered Mr. Rodriguez to submit to a deposition, and he refused. Following this initial refusal, Mr. Rodriguez was given ample time to consult with counsel. He was assured he would have the opportunity to assert his Fifth Amendment rights and to have those issues litigated. He was warned he could be found in contempt of court for failing to comply with my order. He nonetheless remained steadfast in his refusal.

## B. APPLICABLE LAW

The contempt authority of a United States magistrate judge is set out in 28 U.S.C. § 636(e). Summary criminal contempt authority is set forth as follows:

> A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to

obstruct the administration of justice.  The order of contempt shall be issued under
the Federal Rules of Criminal Procedure.

28 U.S.C. § 636(e)(2).  The sentence imposed by a magistrate judge for criminal contempt may

not exceed the penalties for a Class C misdemeanor – namely, no more than thirty days'

imprisonment and a fine of no more than $5,000.  *Id*. at § 636(e)(5); 18 U.S.C. §§ 3581(b)(8),

3571(b)(6).

## C.    ANALYSIS

The Court's order directing Mr. Rodriguez to submit to a deposition was clear and

unambiguous.  Mr. Rodriguez did not comply.  He stated no legal reason for his refusal to submit

to a deposition; he merely asserted he did not want to testify and should not have to do so after

having testified in the underlying criminal case and in a separate civil matter.  There is no question

Mr. Rodriguez's non-compliance was willful and intentional.  Despite being given every

opportunity to follow the Court's order, he chose to defy it.  Mr. Rodriguez's open defiance of the

Court's order obstructed the administration of justice.

Although the law considers summary contempt authority in these circumstances, the Court

contemplated providing Mr. Rodriguez additional due process before ruling on the appropriate

sanction.  Mr. Rodriguez, upon consulting with counsel, waived any further process and requested

that the Court proceed immediately with imposing sanctions.

In considering an appropriate sanction, I find Mr. Rodriguez's conduct cuts to the very

heart of the administration of justice.  Mr. Rodriguez offered no legitimate basis for failing to sit

for his deposition in *Sierra v. Guevara; et al.*, 4:22-mc-00013-DPM-JJV.  Mr. Rodriguez, through

counsel, was afforded every opportunity to have his concerns heard.  Mr. Rodriguez's refusal was

an unfair and unreasonable imposition on the parties, the Court, the United States Marshal Service

who transported him to the hearing, and our system of justice.   Accordingly, I find 30 days'

imprisonment, consecutive to his underlying sentence, is reasonable under the circumstances. Additionally, Mr. Rodriguez's refusal was not without expense to the American taxpayers. Thus, I further find $2,500 is a reasonable fine to account for the expense of his - *in custody* - transportation to and from the hearing.

**D.    CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1.    Mr. Rodriguez is sentenced to a term of imprisonment of thirty (30) days, to be served consecutively to his underlying federal sentence.

2.    Mr. Rodriguez is fined $2,500 with payment to be made to the Clerk of this Court at the Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas.

3.    The United States Marshal is directed to serve Mr. Rodriguez with a copy of this Order.

4.    Mr. Rodriguez is warned that failure to comply with this Order may result in additional sanctions being imposed by this Court.

SO ORDERED this 21st day of November 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE